O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC., <br><br>　　　　　Plaintiff, <br>　　v. <br>ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., <br><br>　　　　　Defendant. | Case No. 2:13-cv-07052-ODW(SHx) <br><br>**ORDER TO SHOW CAUSE RE. FAILURE TO JOIN NECESSARY PARTY** |

　　　On May 31, 2013, Plaintiff MyMedicalRecords, Inc. filed a Complaint against Defendant Jardogs, LLC. MyMedicalRecords owns, among others, U.S. Patent No. 8,301,466, which covers Plaintiff's Internet-based, personal, medical-records system. MyMedicalRecords alleges that Jardogs's product FollowMyHealth Universal Health Record infringes upon the 466 patent. MyMedicalRecords only brought one patent-infringement claim against Jardogs based on Jardogs's alleged infringement of the 466 patent.

　　　On September 23, 2013, MyMedicalRecords filed suit against Allscripts Healthcare Solutions, Inc. MyMedicalRecords alleges that Allscripts acquired all or substantially all of Jardogs in March 2013, thus allegedly rendering Allscripts liable for any infringement resulting from Jardogs's FollowMyHealth product. MyMedicalRecords brings two claims against Allscripts: one for alleged

/ / /

infringement of the '466 patent and one for alleged infringement of MyMedicalRecords's 8,498,883 patent involving the same Internet-based system.

Federal Rule of Civil Procedure 19(a) sets forth "necessary" parties, that is, those parties who "must be joined" if they will not deprive the court of subject-matter jurisdiction. A party is necessary if, among others, disposing of the action in that party's absence may "as a practical matter impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If a necessary party has not been joined, the court "must order that the person be made a party." *Id.* (a)(2). Under 35 U.S.C. § 299(a), a plaintiff may joint multiple alleged infringers in one action if plaintiff's claims arise "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process" and "questions of fact common to all defendants or counterclaim defendants will arise in the action."

Since MyMedicalRecord filed its Complaint against Jardogs several months before its Complaint against Allscripts, the *Jardogs* case is outpacing the *Allscripts* case. There is a real possibility that a party may file a dispositive motion in the *Jardogs* case that would directly bear on the same underlying facts as the *Allscripts* case. While MyMedicalRecords asserts a second claim against Allscripts based on Allscripts's infringement of the '883 patent, both cases involve alleged infringement of the '466 patent and alleged infringement—regardless of the patent—resulting from Jardogs's FollowMyHealth product. Indeed, in the MyMedicalRecords-Jardogs 26(f) report, Plaintiff indicates that it "may seek a consolidation of the two cases given their relationship and the fact that the accused product is the same or similar."

It also appears that under 35 U.S.C. § 299, the allegedly infringing product, FollowMyHealth, would constitute "the same accused product or process." And issues such as the '466 patent's validity and whether FollowMyHealth actually

infringes the 466 patent are common to both suits. Joinder would thus be proper under § 299.

The Court therefore **ORDERS** MyMedicalRecords **TO SHOW CAUSE** by **Monday, October 7, 2013**, why it has not moved to add Allscripts as a defendant in its suit against Jardogs or otherwise taken action to consolidate both cases. MyMedicalRecords shall respond in writing; no hearing will be held. This Order will be issued in both cases. Plaintiff shall file a response, though likely identical, in each case. Defendants need not respond. Failure to timely respond will result in dismissal of one or both cases for lack of prosecution.

**IT IS SO ORDERED.**

September 30, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**